UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ EDWARDS,

      Petitioner,

v.                                    Civil Action No. 2:12-cv-12104
                                     Honorable Lawrence P. Zatkoff

DEBRA SCUTT,

      Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF
COUNSEL AND FOR DISCOVERY BUT GRANTING HIS MOTION FOR AN
EXTENSION OF TIME TO FILE A REPLY AND GRANTING RESPONDENT'S
MOTION TO SEAL PRESENTENCE INVESTIGATION REPORTS**

      These 28 U.S.C. § 2254 matters are before the Court because, on December 6, 2012,

Petitioner Martez Edwards filed the following Motions: "Motion to Appoint Counsel" [ECF

No. 13], and "Motion for Discovery" [ECF No. 14].  More recently, Petitioner filed a

"Motion for Enlargement of Time in Which to File Responsive Pleading" [ECF No. 16], filed

on December 18, 2012.  Additionally, on November 26, 2012, Respondent filed a "Motion

to Seal Presentence Investigation Reports" [ECF No. 9].

      Petitioner is a state inmate incarcerated by the Michigan Department of Corrections,

currently housed at the Richard A. Handlon Correctional Facility in Ionia, Michigan, where

he is serving a prison sentence of three to fifteen years for his no-contest-guilty plea to

unarmed robbery.  On May 9, 2012, he filed a Habeas Petition, *pro se*, alleging that he is

incarcerated in violation of his constitutional rights.

For the reasons set forth below, the Court will deny, without prejudice, Petitioner's Motions to appoint counsel and for discovery but will grant his Motion for an extension of time in which to file a Reply Brief.  The Court also will grant Respondent's Motion to Seal the Presentence Investigation Reports.

## I.  Motion to Appoint Counsel

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh. denied*, 539 U.S. 970 (2003).  The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In the present case, Petitioner has filed a fifteen-page Petition.  He also has been able to file these Motions.  Therefore, the Court concludes that he has the means and ability to present his claims to the Court.

Furthermore, until the Court is able to review the Respondent's Answer and the Rule 5 materials, the Court is unable to determine whether counsel is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Motion to Appoint Counsel will be denied without prejudice.

2

Petitioner's Motion will be reconsidered if, after the Court reviews the responsive pleadings and the Rule 5 materials, the Court determines that appointment of counsel is necessary. No further Motions need to be filed with respect to this issue.

## II. Motion for Discovery

In his second Motion, Petitioner has filed a Motion for Discovery. He contends that Respondent has failed to file the following: (1) a copy of the parole-revocation hearing transcripts which he believes are necessary for the Court to rule on the merits of his case, and (2) a copy of the transcripts of Officers McDonald and Colon from his 2002 criminal trial.

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "for good cause." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted)).

At this time, Petitioner has neither shown the need for the production of these transcripts nor has he shown how they would support his habeas claims. His Motion for Discovery, therefore, will be denied without prejudice.

## III. Motion for Extension of Time to File Reply Brief

In his third Motion, Petitioner is requesting additional time in which to file his Reply

3

to Respondent's Answer.  The Court ordered Respondent to answer the Petition, and file the necessary Rule 5 materials, by November 26, 2012.  Respondent complied with the Court's Order.  See ECF Nos. 8 & 11.  Petitioner has not filed a Reply to Respondent's Answer.  The Court will grant Petitioner's Motion; Petitioner has forty-five days from the date of this Order in which to file his Reply.  The Court finds that Respondent will not be prejudiced by granting the Motion.

### IV.  Respondent's Motion to Seal Presentence Investigation Reports

Upon the Motion to Seal the State's Presentence Investigation Reports filed by Respondent, and the Court being fully advised in the premises, the reports filed under seal shall be sealed.

### V.  ORDER

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [ECF No. 13] and "Motion for Discovery" [ECF No. 14] are **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's Motions if it determines at a later date that appointment of counsel or additional discovery are necessary.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Enlargement of Time in Which to File Responsive Pleading" [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Seal the Presentence Investigation Reports" [ECF No. 9] is **GRANTED**.  The reports filed are under seal.

4

**SO ORDERED.**

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: January 25, 2013