## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MARTEZ EDWARDS,

                   Petitioner,

                                    Case No. 12-12104
         v.                       HON. TERRENCE G. BERG

DEBRA SCUTT,

                   Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. 1)

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner pled no contest to unarmed robbery in the Macomb Circuit Court. On April 21, 2006, he was sentenced to 3-to-15 years in prison. The petition does not challenge Petitioner's conviction or sentence. Rather, Petitioner asserts that his two-year term of parole, which began on March 17, 2008, was erroneously revoked. The Court will deny the petition because Petitioner's claim does not merit habeas relief. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed in forma pauperis on appeal.

## I.  FACTUAL BACKGROUND

On March 17, 2008, the Michigan Parole Board granted Petitioner a two-year term of parole. The parole included various conditions, including one that prohibited Petitioner from possessing any firearms. On October 22, 2009, Petitioner was charged in Wayne County with several felony offenses when he was found to be in possession of a firearm.

At his trial in the Wayne Circuit Court, a police officer testified that he observed Petitioner throwing a bag over a fence when he drove by in his patrol car. The officer testified that he found a handgun in the bag. Petitioner's cousin testified that the firearm belonged to him and not to Petitioner. The jury acquitted Petitioner of felony-firearm, carrying a concealed weapon, and felon in possession of a firearm.

The Michigan Parole Board nevertheless pursued parole revocation proceedings. Petitioner was notified of his right to a preliminary parole violation hearing, which he waived. Petitioner was then notified that he had a right to a parole revocation hearing to dispute the parole violation charges and of his rights at such a hearing. Petitioner requested and was appointed counsel to represent him at the parole revocation hearing.

The hearing was then held on March 11, 2010. At the hearing, two Detroit police officers testified, and Petitioner called several witnesses, including his brother and cousin. At the conclusion of the hearing, the hearing officer made the following findings of fact and law:

> I find that the officer's testimony was clear and credible. It is clear that the officers saw a person throw a bag over the fence as the marked police car approached, and that the bag was found to contain a handgun. It is also clear that the person seen throwing the gun identified himself to Officer Colon as P, and that P remained in their line of sight from the time the action was taken through the time he was taken into custody. I find that Officer McDonald's testimony is supported by the Investigator's report presented by Defense counsel. I also find it highly unlikely that the officers would have driven past a party of that size and not notice[d] it. I find the family members' testimony to be less credible than the officers and I find it to be contradictory and

unreliable. The Defense witnesses' testimony totally contradicted the Officers' testimony, and each other's. Their testimony as to where they were located differed from the Officers' testimony as to the location of the target location and identified a different police cruiser. I don't think Mr. Edwards testified that he lived at this residence, but I find it difficult to trust the veracity of any witness who testifies that he doesn't know his own address. Additionally, I find it incredible that they feel they need to elevate what they describe as a barbeque to be a "memorial service" when it really was a party. [Michigan Parole Board Records, at 12].

The hearing officer found Petitioner to be in violation of his parole. On March 24, 2010, the Parole Board issued a Notice of Decision revoking Petitioner's parole, and finding that he would not be considered for another term of parole for 60 months.

Petitioner filed a petition for writ of habeas corpus in the Jackson Circuit Court alleging that he was wrongfully convicted of the parole violation. On October 14, 2010, the trial court issued an opinion and order denying his request for a writ of habeas corpus.

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, but that application was dismissed due to defects in the filing. *Edwards v. Department of Corrections*, No. 302774 (Mich. Ct. App. April 15, 2011). Petitioner did not appeal this decision to the Michigan Supreme Court.

In May 2011, Petitioner filed another complaint for writ of habeas corpus, this time directly in the Michigan Court of Appeals. The Michigan Court of Appeals issued an order denying the complaint. *Edwards v. Department of Corrections*, No. 303964 (Mich. Ct. App. August 9, 2011). Petitioner appealed this decision to the

Michigan Supreme Court, but his application for leave to appeal was denied by standard order. *Edwards v. Department of Corrections*, No. 143704 (Mich. Sup. Ct. March 5, 2012).

Petitioner then filed this instant habeas petition. His claim states in full:

> I was charged with Felony Firearm, CCW and Felon in Possession and acquitted of all in Frank Murphy Hall of Justice (Detroit) by a jury trial. I was then detained after trial by Department of Corrections and given 5 years for the same crime!

## II. DISCUSSION

Petitioner claims that his parole was erroneously revoked when a jury acquitted him of the criminal charges that also served as the basis for his parole revocation charges.

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. The due process requirements for a revocation hearing defined in *Morrissey* are codified in Mich. Comp. Laws § 791.240a. Petitioner does not contend that he was deprived of any of these protections. He claims only that the parole

4

board did not have the authority to revoke his parole after he was acquitted of the criminal charges. However, the *Morrissey* Court emphasized that the parole revocation hearing should not be equated with a full criminal prosecution. *Id*. Because the revocation of parole is not part of a criminal prosecution, parolees are not entitled to the full panoply of rights given to defendants in criminal proceedings. *Id*. at 480. Unlike criminal proceedings, a parolee need not be found guilty beyond a reasonable doubt before having his parole revoked; rather, the revocation of parole is proper when supported merely by reasonable grounds. *Morrissey*, 408 U.S. at 490.

As a consequence, a criminal acquittal does not bar a subsequent parole revocation proceeding. *Steinberg v. Police Court of Albany*, 610 F.2d 449, 451-52 (6th Cir. 1979);  *see also Taylor v. United States Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984) (holding that the parole board may find a parole violation based on its own conclusion that new criminal activity occurred, even if the parolee was acquitted of the underlying criminal charges). Petitioner, therefore, fails to raise a meritorious federal claim arising from the revocation of his parole.

### III.   CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's

assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

//

//

//

//

//

//

## IV. CONCLUSION

Accordingly, it is ORDERED that the petition for writ of habeas corpus **IS DENIED**. It is also ORDERED that a certificate of appealability **IS DENIED**. It is further ORDERED that permission to proceed in forma pauperis on appeal **IS DENIED.**

**SO ORDERED.**

Dated:  April 13, 2015                        s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 13, 2015, using the CM/ECF system; a copy of this Order was also mailed to the Alger Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862 directed to Petitioner's attention.

                                              s/A. Chubb
                                              Case Manager